


## ADJUSTABLE RATE NOTE

FHA Case Number

October 14th, 2009    CHICAGO    ILLINOIS
[Date]    [City]    [State]

159 WILDWOOD ROAD ELK GROVE VILLAGE, IL 60007

[Property Address]

1. **PARTIES**
"Borrower" means each person signing at the time of this Note, and the person's successors and assigns. "Lender" means Wintrust Mortgage Corporation, AN ILLINOIS CORPORATION

and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY; INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED NINETY FIVE THOUSAND THREE HUNDRED SIXTY FIVE AND NO/100
Dollars (U.S. $ 295,365.00    ),
plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at a rate of FOUR AND THREE EIGHTHS
percent (    4.375    %) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5(C) of this Note.

3. **PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. **MANNER OF PAYMENT**
    (A) Time
    Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on December 1st    , 2009    . Any principal and interest remaining on the first day of November    , 2039 ,will be due on that date, which is called the "Maturity Date".
    (B) Place
    Payment shall be made at 1 S. 660 Midwest Road, Suite 100, Oakbrook Terrace, IL 60181

    or at such other place as Lender may designate in writing by notice to Borrower.
    (C) Amount
    Initially, each monthly payment of principal and interest will be in the amount of $ 1,474.71    .
    This amount will be part of a larger monthly payment required by the Security Instrument that shall be applied to principal, interest and other items in the order described in the Security Instrument. This amount may change in accordance with Paragraph 5(E) of this Note.

5. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
    (A) Change Date
    The interest rate may change on the first day of January    , 2015    , and on that day of each succeeding year. "Change Date" means each date on which my interest rate could change.
    (B) The Index
    Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary (as defined in Paragraph 7(B)). Lender will give Borrower notice of the new Index.
    (C) Calculation of Interest Rate Changes
    Before each Change Date, Lender will calculate a new interest rate by adding a margin of TWO AND ONE QUARTER    percentage point(s) (    2.250    %) to the Current Index and rounding the sum to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Paragraph 5(D) of this Note, this rounded amount will be the new interest rate until the next Change Date.
    (D) Limits on Interest Rate Changes
    The interest rate will never increase or decrease by more than ONE    percentage point ( 1    .0%) on any single Change Date. The interest rate will never be more than FIVE    percentage points ( 5 .0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.
    (E) Calculation of Payment Change
    If the interest rate changes on a Change Date, Lender will calculate the amount of monthly payment of principal and interest which would be necessary to repay the unpaid principal balance in full at the maturity date at the new interest rate through substantially equal payments. In making such calculation, Lender will use the unpaid principal balance which would be owed on the Change Date if there had been no default in payment on the Note, reduced by the amount of any prepayments to principal. The result of this calculation will be the amount of the new monthly payment of principal and interest.
    (F) Notice of Changes
    Lender will give notice to Borrower of any change in the interest rate and monthly payment amount. The notice must be given at least 25 days before the new monthly payment amount is due, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the new monthly payment amount, (vi) the Current Index and the date it was published, (vii) the method of calculating the change in monthly payment amount, and (viii) any other information which may be required by law from time to time.

MULTISTATE - FHA Adjustable Rate Note (03/04)
GCC-9050-1 (05/09)    Page 1 of 2    Initials: V.S.
K.S.

Exhibit A

(G) Effective Date of Changes

A new interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date. Borrower shall make a payment in the new monthly amount beginning on the first payment date which occurs at least 25 days after Lender has given Borrower the notice of changes required by Paragraph 5(F) of this Note. Borrower shall have no obligation to pay any increase in the monthly payment amount calculated in accordance with Paragraph 5(E) of this Note for any payment date occurring less than 25 days after Lender has given the required notice. If the monthly payment amount calculated in accordance with paragraph 5(E) of this Note decreased, but Lender failed to give timely notice of the decrease and Borrower made any monthly payment amounts exceeding the payment amount which should have been stated in a timely notice, then Borrower has the option to either (i) demand the return to Borrower of any excess payment, with interest thereon at the Note rate (a rate equal to the interest rate which should have been stated in a timely notice) or (ii) request that any excess payment, with interest thereon at the Note rate, be applied as payment of principal. Lender's obligation to return any excess payment with interest on demand is not assignable even if this Note is otherwise assigned before the demand for return is made.

6. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

7. BORROWER FAILURE TO PAY

(A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000 percent ( 4.000 %) of the overdue amount of of each payment.

(B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

8. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

9. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

10. OBLIGATION OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Without Recourse Pay to the Order of
Bank of America, N.A.

Wintrust Mortgage Corporation
An Illinois Corporation

_____
Dominic Alesi, Banking Clerk

_____ (Seal)
VINCENT F. SUCHOCKI          -Borrower

_____ (Seal)
KATHY M. SUCHOCKI            -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

MULTISTATE - FHA Adjustable Rate Note (03/04)
GCC-9050-2 (08/09)                    Page 2 of 2

Exhibit A

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY *Michele Sjolander*
MICHELE SJOLANDER
SENIOR VICE PRESIDENT